696 F.2d 87
 W.C. and Kenneth STREY, a partnership, on behalf of itself
and all others similarly situated,
Plaintiff-Appellee-Cross-Appellant,
v.
HUNT INTERNATIONAL RESOURCES CORPORATION, a Delaware
corporation, et al., Defendant-Appellant-Cross-Appellee.
 Nos. 82-1775, 82-1830.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 1, 1982.
 
 James H. O'Hagen, Edward L. Pluimer, James B. Lynch, Michael J. Wahoske, Dorsey & Whitney, Minneapolis, Minn., for W.C. and Kenneth Strey.
 Allen M. Katz, Ronald L. Olson, Munger, Tolles & Rickerhauser, Los Angeles, Cal., Edwin S. Kahn, Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for Hunt Intern., et al.
 Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.
 
 
 1
 The parties appeal from an entry of judgment made by the district court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The judgment awards damages in favor of the plaintiff class, but does not provide for the division of damages among the class members, for the disposition of any funds that go unclaimed by class members, and for the measure of attorney's fees to be assessed against the common fund. The parties invoke this court's jurisdiction under 28 U.S.C. Sec. 1291, claiming that the district court's action constitutes an appealable final decision.
 
 
 2
 Rule 54(b) permits an entry of judgment for fewer than all claims presented in a civil action. Fed.R.Civ.P. 54(b). However, it permits an entry of judgment only for claims that are in fact finally decided. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956). We conclude that the claims certified in the Rule 54(b) entry of judgment have not finally been decided. Notwithstanding the Rule 54(b) certification, the liability claims of the class will not be the subject of a final decision, and therefore will not be appealable, until the district court establishes both the formula that will determine the division of damages among class members and the principles that will guide the disposition of any unclaimed funds. See Boeing Co. v. Van Gemert, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980).
 
 
 3
 We note that our conclusion will result in some delay before the issues raised on appeal may be properly presented to this court for review. The issues include a challenge to an alleged inconsistency in the jury's assessment of damages. In light of the delay resulting from our order, and the importance of assuring that a full record is available for our eventual review, we urge the district court to poll the jury concerning the intention that underlies the alleged inconsistency.
 
 
 4
 It is ORDERED that the appeal be dismissed as premature, and the Motion for Limited Remand be dismissed for lack of jurisdiction.